IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JANE DOE, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | EP-13-CV-406-DCG | |
| § | | |
| UNITED STATES CUSTOMS AND § | | |
| BORDER PROTECTION AGENT § | | |
| JUAN QUINONES, *et al.,* § | | |
|     Defendants. § | | |

**<u>DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER</u>**

COME NOW, Defendants United States of America, and Customs and Border Protection ("CBP") Officers Veronica Herrera, Alicia Portillo, Chief Juan Quinones, Supervisory Customs and Border Protection Officers ("SCBPO") Felix Castro, and Gilberto Arciero, in their individual capacities, by and through the United States Attorney for the Western District of Texas, and hereby file their Reply to Plaintiff's Opposition to Defendants' Motion for a Protective Order, and in support thereof, would show the Court the following:

**1.    Discovery Must be Narrowly Tailored to Uncover Only Those Facts Needed to Rule On the Immunity Defense.**

Defendants are not objecting to all discovery and are not attempting to thwart Plaintiff's discovery. Rather, the intent of Defendants' Motion For Protective Order is to ensure Defendants the protection of the qualified immunity defense. In accordance with the district court's order dated February 11, 2015, Defendants assert that discovery must be narrowly tailored to uncover only those facts needed to rule on the immunity defense. Once Plaintiff completes that discovery, the CBP officers will re-file their Motion For Summary Judgment based on qualified immunity. The district court will be able to resolve the qualified immunity

issue at the earliest possible stage in the litigation as instructed by *Crawford-El* v. *Britton,* 523 U.S. 574, 598 (1998).  The courts recognize that a plaintiff's interest in proceeding with discovery, is overcome by the burden the defendants may face if they are "forced to proceed with discovery in spite of well-established precedent supporting a stay when an immunity defense has been raised."  *See Aker v. Lynch*, No. 13-cv-02683, 2014 WL 4115910, at *2 (D. Col. Aug. 21, 2014).  *See Crawford-El*, 457 U.S. at 597-98 ("[T]he trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense . . . . It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.").  Thus, allowing overly broad discovery inevitably undermines the protections provided public officials.

According to Plaintiff, the district court has already found that Plaintiff is entitled all to the discovery set out in Pinon's declaration.[1] This conclusion is an overly broad and expansive reading of the district court's order.  The district court found that under Rule 56(d), Plaintiff had established her need to conduct discovery on the issue of qualified immunity.  (ECF Doc. 113 at p. 8).  However, the court also stated it was "also sensitive to the fact that qualified immunity, when properly invoked, is an immunity not only from liability but also from the "'the costs of trial [and] . . . the burdens of broad-reaching discovery,'" citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)(quoting *Harlow v. Fitzgerald*, 457  U.S. 800, 817-18 (1982).  *Id.* Balancing these interests, the district court held that Plaintiff's discovery should be limited to the issues raised in Attorney Piñon's declaration and Doe's Response ***that could potentially create***

---

[1] On the one hand, Plaintiff argues that she submitted specific discovery she seeks that demonstrated to the trial court specifically how the requested discovery pertains to the pending motion.  (ECF No. 137, p. 3).   On the other hand, Plaintiff argues that Defendants' Motion for Protective Order is premature because she  has not propounded discovery and, so according to Plaintiff, Defendants' objections are "speculative at best."  *Id*. at p. 5.

*genuine issues of material fact as to the CBP Officers' qualified immunity defense*. *Id.* (emphasis added). In the concluding paragraph, the Court noted that the parties should submit for the Court's approval a joint proposed discovery plan "tailored to resolving the qualified immunity defense." *Id*. Pursuant to Rule 56(d), the district court denied the CBP Officers' Motion and allowed Doe to conduct discovery on her *Bivens* claims that is **limited to the qualified immunity issue**. *Id.* at p. 9 (emphasis added). The district court's order is in compliance with established precedent that holds that the court's discretion under Rule 56(d) is limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits 'against government officials [should] be resolved *prior to discovery and on summary judgment* if possible.' *Anderson v. Creighton,* 483 U.S. 635, 640 n.2 (1987) (emphasis added). Liberal application of Rule 56(f) should not be allowed to subvert the goals of *Harlow* and its progeny. *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990), citing *Jones v. City and County of Denver, Colo.,* 854 F.2d 1206, 1211 (10th Cir. 1988). *See also Gaines v. Davis*, 928 F.2d 705, 707 (5th Cir. 1991)(per curiam); *Maxey by Maxey v. Fulton*, 890 F.2d 279, 283-84 (10th Cir. 1989). An order allowing overly broad discovery may be subject to interlocutory review and reversal.[2] *Wicks*, 41 F.3d at 994-95. *See also Backe,*691 F.3d at 648-49. Discovery is avoidable or overly broad if it is unnecessary to rule on the question of qualified immunity. *Lion Boulos*, 834 F.2d at 507. Contrary to Plaintiff's contention, the plain reading of the district court order did not allow for the overly broad discovery Plaintiff seeks.

---

[2] *See Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014)("But we may review the [interlocutory] order under the collateral order doctrine when a district court fails to find first that the plaintiffs complaint overcomes a defendant's qualified immunity defense, *Wicks v. Miss. State Emp't Services*, 41 F.3d 991, at 994–95 (5th Cir. 1995); when the court refuses to rule on a qualified immunity defense, *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986); or when the court's discovery order exceeds the requisite 'narrowly tailored' scope, *Lion Boulos*, 834 F.2d at 507–08," citing *Backe v. LeBlanc*, 691 F.3d 645, at 648 (5th Cir. 2012).

**2.     Plaintiff Seeks Discovery That Is Not Necessary To Decide Defendants' Entitlement To Qualified Immunity**

As per the discovery plan, Plaintiff seeks up to 16 depositions, including the individually named Defendants, supervisors, canine officer, HSI Agent, and medical providers. The CBP Officers, except Defendant Quinones, do not object to the request to take their depositions, provided the depositions are limited to their personal knowledge and personal conduct as it relates to the allegations in Plaintiff's complaint. Further, Plaintiff seeks expansive written discovery. Defendants are only seeking a protective order as to Plaintiff's requests that are overly broad and not narrowly tailored to resolve the qualified immunity defense.

**Request 1:**  Deposition of Chief Quinones.

Chief Quinones relayed a message from Officer Herrera to WC Gomez. That is not a violation of a constitutional right. Plaintiff cites to cases decided prior to *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). However, *Iqbal* makes clear that an official is entitled to qualified immunity unless a plaintiff can show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The district courts have held that even pre-Iqbal standard in this circuit would not recognize claims based on "mere knowledge or acquiescence." *Milazzo v. Young*, No. 6:11–cv–350, 2011 WL 6955710, at *4 (E.D. Tex. Dec. 11, 2011), rec. adopted, 2012 WL 28102 (E.D. Tex. Jan. 4, 2012) (citing *Iqbal*, 556 U.S. at 677). As a result of *Iqbal*, the courts have questioned whether supervisory liability remains an option at all in § 1983 and *Bivens* cases. *See Colgrove v. Gibson*, No. 9:11cv100, 2011 WL 6715821, *7 (E.D. Tex. Nov 10, 2011) citing *Parrish v. Ball*, 594 F.3d 993, 1001 n. 1 (8th Cir. 2010); *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *Tillman v. Burge*, 813 F.Supp.2d 946, 974 (N.D. Ill. Jul 20, 2011). But even assuming Plaintiff establishes a constitutional violation, which Defendants deny, Plaintiff must

4

still meet her burden of showing that Chief Quinones' actions were objectively unreasonable. Plaintiff makes no reference to this test. Based on the foregoing, Plaintiff's request to take the deposition of Chief Quinones if overbroad and unnecessary.

**Request 2:** Plaintiff requests extensive information about the TECS record

Defendant is not objecting to the deposition of the HSI Agent as to his personal knowledge regarding the allegations in Plaintiff complaint. However, Plaintiff seeks the deposition of a corporate representative, and written discovery, regarding the purpose of the TECS system, the source of information stored there, why and how Doe's name triggered an alert in TECS for drug smuggling, and CBP policies governing how TEC alerts factor in the decision to conduct bodily searches. Pinon Decl. p. 7. The Fifth Circuit has clearly held that this type of discovery is not relevant to the issue of qualified immunity. *Perel v. Vanderford*, 547 F.2d 278, 280-81 (5th Cir. 1977)(To require a customs officer, at his peril, instantaneously to ascertain the validity of a printout, or, to detain the traveler until an investigation of the printout is concluded, would quickly transform the customs system into an unwieldy and unworkable operation.). Plaintiff responds that under *Perel,* the information is relevant against the United States but fails to show how the information is relevant for the limited purposes of qualified immunity.

**Request 3: Policies and Procedures**. CBP Officers attached excerpts of the CBP Handbook on personal searches to their Motion for Summary Judgment. They do not object to disclosing the entire handbook that is within their possession and control.

Plaintiff seeks discovery regarding policies and procedures relating to personal searches, medical searches, and obtaining consent from suspect to be searched that may not be under the possession or control of the individually named Defendants as well as discovery "relating to

5

whether and how those policies and procedures were applied in the instant case." See Piñon Decl. p. 7, ¶ f(ii)-(iv) & ¶i-k. This request is overly broad. Again, Plaintiff seeks discovery that is unrelated to the issue of qualified immunity.

**Request 4: Discovery concerning certification and training of the canine**. Defendants do not object to the deposition of the canine officer as to his personal knowledge and involvement. However, the reliability of the canine is not necessary to resolve the qualified immunity defense. A canine search is a routine border search and does not require any finding of reasonable suspicion. *United States v. Kelly*, 302 F.3d 291, 294-95 (5th Cir. 2002). Further, even if reasonable suspicion was required, canine alerts provide at least reasonable suspicion to investigate further. *See Resendiz v. Miller*, 203 F.3d 902, 904 n.2 (5th Cir. 2000); *United States v. Garcia–Garcia*, 319 F.3d 726, 730-31 (5th Cir. 2003) ("Once the dog alerted, the agents had, at a minimum, sufficient reasonable suspicion to permit them to prolong the stop to explore further the potential source of the dog's alert."). The Fifth Circuit has distinguished the case cited by Plaintiff, *Florida v. Harris*, ___ U.S. ___, 133 S. Ct. 1050 (2013);

> In this circuit, it is well-established that " 'an alert by a drug-detecting dog provides probable cause to search [a vehicle],' ... and that 'a showing of the dog's training and reliability is not required if probable cause is developed on site as a result of a dog sniff of a vehicle." *United States v. Rodrig*uez, 702 F.3d 206, 210 (5th Cir. 2012) (quoting *United States v. Sanchez–Pena*, 336 F.3d 431, 444 (5th Cir. 2003)), *cert. denied, Izquierdo v. United States,* ---U.S. ----, 133 S. Ct. 1615, 185 L.Ed.2d 601 (2013).

*United. States, v. Thompson*, 540 F. App'x 445, 446-47 (5th Cir. 2013)(the case involved the search of a vehicle). Finally, because the CBP Officers could reasonably rely on the information received from their fellow officers, discovery as to the certification and training of the canine is overly broad. *See Perel*, 547 F.2d at 280-82.

**Request 5:** Plaintiff seeks expert discovery relating to the health risks associated with X-ray and CT scans. See Piñon Decl. p. 9, ¶ m. This discovery is irrelevant because expert

6

testimony is not necessary to determine whether Defendants' actions were reasonable. *See Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996)

**3.      Discovery As To The United States Should be Stayed**

Qualified immunity is important because it balances societal interest in deterring unlawful conduct and adequate compensation to victims on the one hand, with public officials' capacity to serve the public interest without fear of litigation on the other. *Harlow,* 457 U.S. at 815.  In *Crawford-El v. Britton*, the Supreme Court explained that district courts should exercise their discretion to "protect[] the substance of the qualified immunity defense." 523 U.S. at 597. Such goals would be seriously undermined if qualified immunity was weakened.  Plaintiff seeks unbridled discovery against the United States before the issue of qualified immunity against the individually named defendants is resolved.  Plaintiff has indicated she will seek the deposition testimony of all the individually named defendants as witnesses in her claim against the United States.  Plaintiff asserts that she is entitled to full discovery against the United States because the United States does not have immunity.  This argument completely undermines the goals of qualified immunity.

In *Iqbal,* the Supreme Court stated that it is no answer to the concerns of disruptive discovery to say that discovery can be deferred while pretrial proceedings continue for other defendants. *Iqbal*, 556 U.S. at 685. The Iqbal Court cautioned, that "when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Id*.  As such, proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative.  *See Ingram v. Clements,* Not Reported in F.Supp.3d, No. 14-cv-01024-REB-KMT, 2015 WL 1598052, *3 (D.

Colo., 2015)(based on the finding of *Iqbal*, the court found that proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative.)[3]  See also *Zapata*, 750 F.3d 485-86(The Court held that unless the trial court identifies possible factual issues in dispute that are material to the immunity defense, the court must rule on the merits of the defense before discovery is permitted.)

Where the claims are intertwined, as they are in the instant case, the courts are more likely to grant a stay of discovery as to the other parties. *See McBride v. Houston County Health Care Authority*, Not Reported in F.Supp.2d, 2013 WL 674671, at *2 (M.D. Ala.,2013) ("Here, given the significantly intertwined nature of the claims against Benton and the city, sound judicial administration warrants a brief stay as to all claims against both Benton and the city."); *M.G. v. Metropolitan Interpreters and Translators, Inc.*, Not Reported in F.Supp.2d, 2013 WL 690833, at *2 (S.D. Cal. 2013)(Although the court stated that the statements in *Iqbal* may be dicta, the court nonetheless held that the decision to stay discovery only as to one defendant is clearly erroneous and contrary to law).  Here, discovery against the United States would, in effect, be discovery of the CBP Officers, particularly when, as in this case, Plaintiff has asserted her claims against the United States on the CBP Officers' conduct. Plaintiff has indicated that depositions of the individually named Defendants would be necessary in her claim against the United States because the CBP Officers were witnesses to the allegations. There is no doubt that Plaintiff will probe into the CBP Officers' conduct in the guise of a request directed to the

---

[3] There is no indication that the language in *Iqual* is dicta, as alleged by Plaintiff.  However, even dicta from the Supreme Court is highly persuasive and instructive. *United States v. Marzzarella*, 614 F.3d 85, 91 n. 5 (3d Cir. 2010). The Fifth Circuit has talked about its reluctance to ignore Supreme Court dicta in *Banks v. Thaler*, 583 F.3d 295 (5th Cir. 2009); *United States v. Becton*, 632 F.2d 1294, 1296 n. 3 (5th Cir. 1980) ("We are not bound by dicta, even of our own court[....] Dicta of the Supreme Court are, of course, another matter."). *See also United States v. Hardman*, 297 F.3d 1116 (10th Cir. 2002); *United States v. Roberts*, 640 F.2d 225, 230 (9t h Cir. 1981).

United States. Plaintiff will obtain through the United States what she cannot obtain from the individuals. Harlow's presumption against burdensome proceedings would be meaningless if it could be avoided merely by naming the United States. Moreover, as the Supreme Court has explained, if discovery is stayed against one defendant but not related co-defendants, the stay is, practically speaking, likely to be illusory for the intended beneficiary.

As indicated in Defendants' Motion For Protective Order and Defendants' Reply, Defendants do not object to all discovery. However, Defendants respectfully move for a Protective Order, providing that discovery will be conducted in phases; that limited discovery, tailored to resolving the qualified immunity defense, will be conducted first; that the CBP Officers are allowed to re-file their Motion For Summary Judgment at the conclusion of Plaintiff's limited discovery on the qualified immunity defense; and that once the qualified immunity defense is resolved, discovery regarding the claims against the United States under the FTCA and full merits discovery on Plaintiff's *Biven's* claim, if necessary, will be conducted.

Respectfully submitted,

**RICHARD L. DURBIN, JR.**
ACTING UNITED STATES ATTORNEY

 /s/ Magdalena G. Jara
**MAGDALENA G. JARA**
Assistant United States Attorney
Texas State Bar No. 10573100
**PAUL L. LEE**
Assistant United States Attorney
Illinois State Bar No. 6201486
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office (915) 534-6884
Facsimile (915) 534-3490
Email: magdalena.jara@usdoj.gov
paul.lee@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of May, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Adriana Piñon/Rebecca L. Robertson, American Civil Liberties Union of Texas, 1500 McGowen, Ste. 250, Houston, Texas 77004; and to Laura Schauer Ives/Alexandria Freedman Smith/Maria Martinez Sanchez/Kristen G. Love, American Civil Liberties Union of New Mexico, P.O. Box 566, Albuquerque, NM 87103, *Attorneys for Plaintiff*.

      /s/ Magdalena G. Jara
**MAGDALENA G. JARA**
Assistant United States Attorney