IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-13-CV-406-DB |
| | § | |
| UNITED STATES CUSTOMS AND | § | |
| BORDER PROTECTION AGENT | § | |
| JUAN QUINONES, *et al*., | § | |
|     Defendants. | § | |

## DEFENDANT PORTILLO'S ANSWER
## TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW, Defendant Customs and Border Protection Officer ("CBPO") Alicia Portillo, by and through the United States Attorney for the Western District of Texas, and hereby respectfully files this Answer to Plaintiff's Third Amended Complaint in the above-styled and numbered cause of action.

## INTRODUCTION AND PROCEDURAL POSTURE

On December 18, 2013, Plaintiff filed her Complaint, alleging *Bivens* claims against CBP Officers Portillo and Herrera, in their individual capacities. CBP Officers Portillo and Herrera were served on March 4, 2014. (ECF Docs. 27 and 28). On May 2, 2014, the Court granted Officers Portillo and Herrera's motion for extension of time to file their answer, response or otherwise plead. (ECF Doc. 41). On May 23, 2014, the Court granted CBP Officers Portillo and Herrera's second motion for extension of time because Plaintiff had indicated she was seeking leave to Amend her Complaint to add allegations of the Federal Tort Claims Act ("FTCA") against the United States and name additional Defendants. (ECF Docs. 44 and 45). On June 3, 2014, Plaintiff filed an Amended Complaint, adding Chief Quinones, SCBP Officers Castro and Arciero, in their individual capacities, as Defendants in her *Bivens* claims. (ECF Doc. 50). On

July 15, 2014, Officers Herrera and Portillo filed a third motion for extension of time to facilitate management and scheduling of the case of all *Bivens* Defendants to file their responsive pleadings at the same time. (ECF Docs. 62 and 63). On July 25, 2014, Doe filed her Second Amended Complaint and joined the United States of America under FTCA, 28 U.S.C. §§ 1346(b) and 2671 *et seq.* (ECF Doc. 66). On August 11, 2014, the individually named CBP Officers filed a motion for summary judgment asserting the defense of qualified immunity. (ECF Docs. 67, 68 and 69). The United States filed its Answer after service of process. (ECF Doc. 99 and 100). On February 11, 2015, the Court entered a Memorandum Opinion and Order denying the individual Defendants' motion for summary judgment based on qualified immunity, without prejudice to re-filing, and ordered the individual Defendants to file their responsive pleadings to Plaintiff's Second Amended Complaint within 14 days of the Order. (ECF Doc. 113). On April 2, 2015, CBPO Portillo filed her Original Answer to Plaintiff's Second Amended Complaint. (ECF Doc. 130). On July 17, 2015, the Court granted Plaintiff's Motion to File her Third Amended Complaint. CBPO Portillo asserts her right to qualified immunity.

**ANSWERS TO SPECIFIC ALLEGATIONS**

Defendant CBPO Portillo files this Answer to Plaintiff's Third Amended Complaint in the above-styled and numbered cause of action. In support hereof, CBPO Portillo admits, denies, and affirmatively asserts as follows:

1. In response to paragraph 1 of Plaintiff's Third Amended Complaint, CBPO Portillo asserts that this paragraph constitutes Plaintiff's characterization of her action to which no response is required. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied.

2. In response to paragraph 2 of Plaintiff's Third Amended Complaint, CBPO Portillo asserts that this paragraph constitutes Plaintiff's characterization of her action to which no response is required. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, CBPO Portillo admits upon information and belief, that Plaintiff is an adult female and that on December 8, 2012, she applied for admission to enter the United States via pedestrian primary via the Bridge of the Americas ("BOTA") (referred to by Plaintiff as the Cordova Bridge), in El Paso, Texas. Except as admitted, the remaining allegations of paragraph 2 are denied.

3. In response to paragraph 3 of Plaintiff's Third Amended Complaint, CBPO Portillo asserts that this paragraph constitutes Plaintiff's characterization of her action to which no response is required. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied. CBPO Portillo asserts that at all times he acted with a reasonable and good faith belief that her actions and conduct were not in violation of any clearly established rights guaranteed to Plaintiff by the Constitution or the laws of the United States. CBPO Portillo therefore is entitled to qualified immunity.

4. In response to paragraph 4 of Plaintiff's Third Amended Complaint, CBPO Portillo denies the allegations of paragraph 4.

5. In response to paragraph 5 of Plaintiff's Third Amended Complaint, CBPO Portillo asserts that this paragraph constitutes Plaintiff's characterization of her action to which no response is required. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied. CBPO Portillo denies that Plaintiff is entitled to any damages or that CBPO Portillo violated Plaintiff's rights.

6. The allegations in paragraph 6 of Plaintiff's Third Amended Complaint are asserted against Defendant Michael Brady, who is being sued in his individual capacity. This paragraph consists of legal conclusions requiring no response from CBPO Portillo.

7. The allegations in paragraph 7 of Plaintiff's Third Amended Complaint are asserted against Defendant Arnoldo Gomez, who is being sued in his individual capacity. This paragraph consists of legal conclusions requiring no response from CBPO Portillo.

8. The allegations in paragraph 8 of Plaintiff's Third Amended Complaint are asserted against Defendant Hector Mancha, who is being sued in his individual capacity. This paragraph consists of legal conclusions requiring no response from CBPO Portillo.

9. The allegations in paragraph 9 of Plaintiff's Third Amended Complaint are asserted against Defendant Juan Quinones, who is being sued in his individual capacity. This paragraph consists of legal conclusions requiring no response from CBPO Portillo.

10. The allegations in paragraph 10 of Plaintiff's Third Amended Complaint are asserted against SCBP Felix Castro, who is being sued in his individual capacity. This paragraph consists of legal conclusions requiring no response from CBPO Portillo.

11. The allegations in paragraph 11 of Plaintiff's Third Amended Complaint are asserted against SCBP Gilbert Arciero, who is being sued in his individual capacity. This paragraph consists of legal conclusions requiring no response from CBPO Portillo.

12. Paragraph 12 was left blank by Plaintiff.

13. CBPO Portillo admits that she is an employee of the United States Customs and Border Protection as a Supervisory CBPO and at all times relevant to this Complaint, she was acting in the course and scope of her employment. CBPO Portillo further asserts the defense of

qualified immunity. The remaining allegations consist of legal conclusions requiring no response from CBPO Portillo.

14. The allegations in paragraph 14 of Plaintiff's Third Amended Complaint are asserted against Defendant CBPO Veronica Herrera, who is being sued in her individual capacity. This paragraph consists of legal conclusions requiring no response from CBPO Portillo.

15. The allegations of paragraph of 15 of Plaintiff's Third Amended Complaint are asserted against Juan Lujan, who is being sued in his individual capacity. This paragraph consists of legal conclusions requiring no response from CBPO Portillo.

16. The allegations of paragraph 16 of Plaintiff's Third Amended Complaint consist of legal conclusions pertaining to allegations against the United States and require no response from CBPO Portillo, in her individual capacity. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied.

17. In response to paragraph 17 of Plaintiff's Third Amended Complaint, CBPO Portillo asserts that this paragraph constitutes Plaintiff's conclusion of law to which no response is required. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied.

18. The allegations of paragraph 18 of Plaintiff's Third Amended Complaint consist of legal conclusions pertaining to allegations against the United States and require no response from CBPO Portillo, in her individual capacity. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied.

19. The allegations of paragraph 19 of Plaintiff's Third Amended Complaint consist of legal conclusions pertaining to allegations against the United States and require no response

from CBPO Portillo, in her individual capacity. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied.

20.   In response to paragraph 20 of Plaintiff's Third Amended Complaint, CBPO Portillo admits only that if there exists jurisdiction to hear this case, venue is proper in the Western District of Texas, El Paso Division.

21.   CBPO Portillo admits that the Port of Entry Bridge at BOTA (which Plaintiff refers to as the Cordova Bridge) is in El Paso, Texas, and is a port of entry between the City of El Paso, Texas and Ciudad Juarez, Chihuahua, Mexico.  CBPO Portillo further admits that DHS-Customs and Border Protection operates BOTA.

22.   CBPO Portillo admits that individuals seeking entrance into the United States must present themselves for inspection at a Port of Entry.

23.   CBPO Portillo admits that Plaintiff is an adult female.  CBPO Portillo lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 23, and therefore they are denied.

24.   CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 24, and therefore they are denied.

25.   CBPO Portillo admits that on December 8, 2012, at approximately 1:47 p.m., Plaintiff applied for admission to enter the United States via pedestrian primary at BOTA. CBPO Portillo lacks sufficient knowledge and information to admit or deny whether Plaintiff visited a family friend, therefore, the allegation is denied.  Except as admitted, the allegations of paragraph 25 are denied.

26.   CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 26, and therefore they are denied.

27. CBPO Portillo admits that at secondary inspection, CBPO Portillo was asked to observe a pat down of Plaintiff. CBPO Herrera conducted a pat down search by patting Plaintiff over her clothing in a secure room at PCS. CBPO Portillo did not participate in the pat down other than to observe. She did not speak to or touch Plaintiff at any time. Except as admitted, the allegations of paragraph 27 are denied.

28. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 28, and therefore they are denied.

29. CBPO Portillo denies the allegations of paragraph 29.

30. CBPO Portillo avers that the pat down was a routine search at the international border conducted pursuant to the border search doctrine. The first sentence of paragraph 30 is a legal conclusion to which no response is required. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of the second sentence of paragraph 30, and therefore they are denied.

31. CBPO Portillo observed a canine officer walk his canine by Plaintiff and other travelers that stood in line and the canine alerted twice as to Plaintiff. Except as admitted, CBPO Portillo lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 31; and therefore they are denied.

32. CBPO Portillo denies the allegations of paragraph 32.

33. The allegations of paragraph 33 constitute Plaintiff's characterization of her allegations, which do not require a response. To the extent a response may be required, the allegations are denied.

34. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 34, and therefore they are denied.

35. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 35, and therefore they are denied.

36. The first sentence of paragraph 36 is a legal conclusion to which no response is required. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of the second sentence of paragraph 36, and therefore they are denied.

37. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 37, and therefore they are denied.

38. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 38, and therefore they are denied.

39. CBPO Portillo admits that it is standard procedure to tape the pant legs. CBPO Portillo lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 39, and therefore they are denied.

40. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 40, and therefore they are denied.

41. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 41, and therefore they are denied.

42. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 42, and therefore they are denied.

43. Paragraph 43 was left blank by Plaintiff.

44. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 44, and therefore they are denied.

45. CBPO Portillo admits she accompanied CBPO Herrera and Plaintiff to University Medical Center ("UMC"). Except as admitted, CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 45, and therefore they are denied.

46. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 46, and therefore they are denied.

47. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 47, and therefore they are denied.

48. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 48, and therefore they are denied.

49. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 49, and therefore they are denied.

50. CBPO Portillo admits that at approximately 4:00 p.m. Plaintiff was transported to UMC for a monitored bowel movement; that she was handcuffed, and, affirmatively avers the decision was based upon sufficient facts which constituted reasonable suspicion. CBPO Portillo lacks sufficient knowledge or information to admit or deny the allegations of the second sentence of paragraph 50 and therefore, the allegations are denied. Except as admitted, the allegations of paragraph 50 are denied.

51. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 51, and therefore they are denied.

52. CBPO Portillo admits that Plaintiff arrived at UMC at approximately 4:20 p.m., and was assigned a room. Except as admitted, denies the remaining allegations of paragraph 52.

53. The allegations in paragraph 53 are asserted against Dr. Cabanillas and Dr. Parsa and thus no answer is required by CBPO Portillo. The allegations of paragraph 53 asserted against CBPO Portillo are denied.

54. CBPO Portillo admits that UMC personnel brought a portable toilet into the room; that CBPO Herrera and CBPO Portillo stood outside; and, that CBPO Herrera and CBPO Portillo then went back into the room and observed the bowel movement. Except as admitted, the allegations of paragraph 54 are denied.

55. CBPO Portillo admits that UMC personnel ordered an x-ray of Plaintiff. CBPO Portillo denies the allegations of paragraph 55 as it pertains to her actions. CBPO Portillo denies she authorized any examination, and avers that such matters are exclusively within the authority of the medical personnel.

56. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 56, and therefore they are denied.

57. CBPO Portillo denies the allegations of paragraph 57.

58. CBPO Portillo lacks sufficient knowledge and information to admit or deny whether Plaintiff was again handcuffed to the examination table, and therefore the allegation is denied. The remaining allegations of paragraph 58 are denied.

59. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 59, and therefore they are denied.

60. CBPO Portillo denies the allegations in paragraph 60.

61. The allegations of paragraph 61 pertains to the actions of Dr. Parsa to which no response is required, and therefore, they are denied. To the extent a response is required, the allegations are denied. The allegations against CBPO Portillo are denied.

62. Paragraph 62 pertains to the actions of Dr. Parsa to which no response is required. To the extent a response is required, CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 62, and therefore they are denied. CBPO Portillo avers that such matters are exclusively within the authority of the medical personnel.

63. Paragraph 63 pertains to the actions of Dr. Parsa to which no response is required. To the extent a response is required, CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 63, and therefore they are denied. CBPO Portillo avers that such matters are exclusively within the authority of the medical personnel.

64. CBPO Portillo denies the first sentence of paragraph 64. The second sentence of paragraph 64 constitutes Plaintiff's characterization of her allegations, which do not require a response. To the extent a response may be required, the allegations are denied.

65. The allegations of paragraph 65 constitute Plaintiff's characterization of her allegations, which do not require a response. To the extent a response may be required, the allegations are denied.

66. CBPO Portillo denies the allegations of paragraph 66.

67. CBPO Portillo admits UMC personnel ordered Plaintiff to undergo a CT scan. CBPO Portillo denies that the examinations were performed at the direction of CBP Officers. The third sentence of paragraph 67 constitutes Plaintiff's characterization of her allegations, which do not require a response. To the extent a response may be required, the allegations are denied.

68. CBPO Portillo lacks sufficient knowledge and information to admit or deny the allegations of paragraph 68, and therefore they are denied.

69.     CBPO Portillo admits that Plaintiff was released at approximately 8:00 p.m. Except as admitted, the allegations of paragraph 69 are denied.

70.     CBPO Portillo denies the allegations in paragraph 70.

71.     The allegations of paragraph 71 constitute a conclusion of law, which do not require a response. To the extent a response may be required, the allegations are denied.

72.     The allegations of paragraph 72 constitute Plaintiff's claim for relief which do not require a response. To the extent the allegations may be construed to constitute allegations of material facts to which a response is required, the allegations are denied.

73.     The allegations of paragraph 73 constitute Plaintiff's claim for relief which do not require a response. To the extent the allegations may be construed to constitute allegations of material facts to which a response is required, the allegations are denied.

74.     CBPO Portillo denies the allegations in paragraph 74.

75.     CBPO Portillo denies the allegations in paragraph 75.

76.     In response to paragraph 76 of Plaintiff's Third Amended Complaint, CBPO Portillo adopts and incorporates her answers, denials, assertions, and averments provided in response to paragraphs 1 through 75 of Plaintiff's Third Amended Complaint.

77.     CBPO Portillo denies the allegations of paragraph 77 of Plaintiff's Third Amended Complaint.

78.     In response to paragraph 78 of Plaintiff's Third Amended Complaint, CBPO Portillo asserts that this paragraph constitutes Plaintiff's legal conclusions to which no response is required. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied. CBPO Portillo asserts that at all times she acted with a reasonable and good faith belief that her actions and conduct were not in

violation of any clearly established rights guaranteed to Plaintiff by the Constitution or the laws of the United States. CBPO Portillo therefore is entitled to the defense of qualified immunity.

79. In response to paragraph 79 of Plaintiff's Third Amended Complaint, CBPO Portillo adopts and incorporates her answers, denials, assertions, and averments provided in response to paragraphs 1 through 78 of Plaintiff's Third Amended Complaint.

80. CBPO Portillo denies the allegations of paragraph 80 of Plaintiff's Third Amended Complaint.

81. In response to paragraph 81 of Plaintiff's Third Amended Complaint, CBPO Portillo asserts that this paragraph constitutes Plaintiff's legal conclusion to which no response is required. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied. CBPO Portillo asserts that at all times she acted with a reasonable and good faith belief that her actions and conduct were not in violation of any clearly established rights guaranteed to Plaintiff by the Constitution or the laws of the United States. CBPO Portillo therefore is entitled to the defense of qualified immunity.

82. In response to paragraph 82 of Plaintiff's Third Amended Complaint, CBPO Portillo adopts and incorporates her answers, denials, assertions, and averments provided in response to paragraphs 1 through 81 of Plaintiff's Third Amended Complaint.

83. CBPO Portillo denies the allegations in paragraph 83 of Plaintiff's Third Amended Complaint.

84. In response to paragraph 84 of Plaintiff's Third Amended Complaint, CBPO Portillo asserts that this paragraph constitutes Plaintiff's legal conclusion to which no response is required. To the extent the paragraph may be construed to constitute an allegation of material fact to which a response is required, the allegation is denied. CBPO Portillo asserts that at all

times she acted with a reasonable and good faith belief that her actions and conduct were not in violation of any clearly established rights guaranteed to Plaintiff by the Constitution or the laws of the United States. CBPO Portillo therefore is entitled to the defense of qualified immunity.

85. In response to paragraph 85 of Plaintiff's Third Amended Complaint, CBPO Portillo adopts and incorporates her answers, denials, assertions, and averments provided in response to paragraphs 1 through 84 of Plaintiff's Third Amended Complaint.

86. The allegations of paragraph 86 pertain to causes of actions against the United States, to which the United States has filed its response.

87. The allegations of paragraph 87 pertain to causes of actions against the United States, to which the United States has filed its response.

88. The allegations of paragraph 88 pertain to causes of actions against the United States, to which the United States has filed its response.

89. In response to paragraph 89 of Plaintiff's Third Amended Complaint, CBPO Portillo adopts and incorporates her answers, denials, assertions, and averments provided in response to paragraphs 1 through 88 of Plaintiff's Third Amended Complaint.

90. The allegations of paragraph 90 pertain to causes of actions against the United States, to which the United States has filed its response.

91. The allegations of paragraph 91 pertain to causes of actions against the United States, to which the United States has filed its response.

92. The allegations of paragraph 92 pertain to causes of actions against the United States, to which the United States has filed its response.

93. The allegation of paragraph 93 is a legal conclusion to which a response is not required.

94. In response to the closing paragraph of Plaintiff's Third Amended Complaint, CBPO Portillo asserts that said paragraph is a prayer for relief to which no response is required. To the extent the allegations set forth in the closing paragraph may be construed to constitute allegations of material facts to which a response is required, the allegations are denied. CBPO Portillo denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

Any allegation set forth in Plaintiff's Third Amended Complaint not expressly admitted is hereby denied.

**<u>AFFIRMATIVE DEFENSES</u>**

The foregoing Answer to Plaintiff's Third Amended Complaint is made subject to and without waiver of the following affirmative defenses:

1. CBPO Portillo at all times acted with a reasonable and good faith belief that her actions and conduct were not in violation of any clearly established rights guaranteed to Plaintiff by the Constitution or the laws of the United States. CBPO Portillo therefore is entitled to the defense of qualified immunity.

2. Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted. Defendant denies that Plaintiff is entitled to any relief arising from any of the events alleged in the Complaint.

3. Plaintiff's claims are barred by sovereign immunity.

4. Defendant did not engage in any act that was proximately related to Plaintiff's alleged injuries.

5. Defendant is not liable to Plaintiff to the extent that Plaintiff's alleged injuries were proximately caused by her own conduct.

6. Defendant is not liable to the extent that Plaintiff's alleged injuries were caused in whole or in part by the negligence or otherwise actionable conduct of third parties.

7. Defendant is not liable to Plaintiff because any action he undertook as a federal employee was reasonable, lawful, justified and/or privileged.

8. Plaintiff's alleged injuries, if any, were proximately caused by the pre-existing, intervening or superseding acts of someone other than an employee of the United States acting within the scope of his or her employment.

9. Defendant is not liable for the alleged negligent acts and omissions of independent contractors, borrowed servants, or third parties.

10. Plaintiff is not entitled to recovery because the CBP Officers' conduct was in good faith, within the course and scope of their authority.

11. Plaintiff's damages are limited to those actually paid or incurred by or on behalf of Plaintiff.

12. Defendant affirmatively asserts that Plaintiff is not entitled to the relief she requests.

13. Defendant alleges that her damages should be diminished in proportion to the amount of fault attributable to Plaintiff and/or any other party.

14. Defendant is not liable to Plaintiff for her injuries to the extent she failed to mitigate same.

15. To the extent Plaintiff is entitled to recover damages, Defendant is entitled to credit from any settling defendants.

16. Defendant reserves the right to raise additional defenses that become apparent through the factual development of the case.

WHEREFORE, PREMISES CONSIDERED, Defendant CBPO Portillo prays that upon final hearing thereof, the Court will enter judgment in favor of CBPO Portillo and against the Plaintiff in all things and dismiss the above-styled and numbered cause in its entirety with prejudice, awarding CBPO Portillo costs, if any, and all such other and further relief, at law or in equity, in which he may be justly entitled.

Respectfully submitted,

**RICHARD L. DURBIN, JR.**
UNITED STATES ATTORNEY

 /s/ Magdalena G. Jara
**MAGDALENA G. JARA**
Assistant United States Attorney
Texas State Bar No. 10573100
**PAUL L. LEE**
Assistant United States Attorney
Illinois State Bar No. 6201486
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office:  (915) 534-6884
Facsimile:  (915) 534-3490

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Adriana Piñon/Rebecca L. Robertson, American Civil Liberties Union of Texas; and to Laura Schauer Ives/Alexandria Freedman Smith/Maria Martinez Sanchez/Kristin G. Love, American Civil Liberties Union of New Mexico.

 /s/ Magdalena G. Jara
**MAGDALENA G. JARA**
Assistant United States Attorney