# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-13-CV-406-DCG |
| | § | |
| UNITED STATES CUSTOMS AND | § | |
| BORDER PROTECTION AGENT | § | |
| JUAN QUINONES, *et al.*, | § | |
|     Defendants. | § | |

## PROTECTIVE ORDER

The Parties have exchanged Initial Disclosures and initial discovery may require the production of various personnel and other records that may contain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or otherwise may contain highly personal, confidential information, including, but not limited to personnel, medical, psychiatric and tax records, the indiscriminate disclosure of which could result in the unnecessary intrusion upon the privacy interests of individual federal employees and Plaintiff. In order to permit the Parties to obtain discovery of information that may be relevant and to allow the Parties to use such information, and without waiver of the Parties' right to argue that the protected information is not relevant to the issues in this case, it is hereby stipulated by the undersigned attorneys for the respective Parties that the following procedures shall be followed with respect to documents produced in response to the respective Parties' discovery requests that are protected by the Privacy Act of 1974, 5 U.S.C. § 552a or which may otherwise contain confidential, highly personal information, including, but not limited to personnel, medical, psychiatric and tax records.

1.	The Parties shall designate as confidential, information the Parties in good faith believe to be confidential, including but not limited to:

  a. Plaintiff's name;

  b. Social security numbers;

  c. Dates of birth;

  d. Home addresses;

  e. (Home/personal cellular) telephone numbers;

  f. Salary information;

  g. Medical and mental health records;

  h. Tax information;

  i. Confidential or proprietary (non-public) financial information;

  j. Personnel (employee) files;

  k. Personal information protected by law;

  l. Other sensitive and confidential law enforcement information subject to the law enforcement privilege, regarding the policies, methods, techniques, procedures, guidelines and intelligence for CBP operations. If disseminated, individuals who have access to the information might use it to undermine the legitimate security interests or mission of CBP.

2.	Confidential information does not include information that is available to the public, such as public filings, information in the public domain at the time of disclosure, and information that becomes public domain through no fault of the recipient.

3.	The Parties agree that confidential information contained in a document that is responsive to a request for discovery may be disclosed by a party without redacting the confidential information. A party may stamp the word "Confidential" on the face of a document

containing confidential information to notify the adverse party that its contents contain confidential information. This Protective Order (Order) does not waive a Party's right to object to the disclosure of information to which a discovery privilege applies.

4. Documents unintentionally produced without designation as "Confidential" may be thereafter designated as "Confidential." The Party asserting the confidentiality shall provide the receiver written notice of the designation; designation shall become effective at the date of receipt of written notice by the receiver. If a receiving Party learns of any unauthorized disclosure of confidential information, that Party will immediately inform the producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

5. Confidential information received by an adverse Party shall only be used for the prosecution or defense of the above-captioned lawsuit. Except as provided in paragraph 7 below or with the prior written consent of the party asserting confidentiality, confidential information may not be disclosed to any person.

6. The Parties agree to the following restrictions to the use of confidential information:

  a. A Party must redact any confidential information that appears in documents appended to court filings. When redaction of confidential information is impracticable, the Party shall make an appropriate motion for sealing with the Court.

  b. The Parties agree to refer to Plaintiff as Jane Doe in all court filings and pleadings and during depositions and trial.

c. Confidential information may be disclosed to deponents during the course of their deposition. Deponents shall not retain documents or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent. Deponents provided with confidential information shall be told that the information provided is confidential and that they cannot disclose this information to anyone. For all depositions of non-parties, any documents used during the course of the deposition that bear Plaintiff's name and personally identifying information will have Plaintiff's name and personally identifying information redacted. All deponents shall be told that Plaintiff's real name cannot be disclosed to anyone.

7. Confidential information may be disclosed to:

   a. Counsel for the Parties in this action who are actively engaged in the conduct of this litigation;

   b. Other attorneys in the same office as counsel for the Parties, associates, secretaries, paralegals, and other assistants to counsel for the Parties to the extent reasonably necessary to render professional services in the litigation;

   c. The Plaintiff and Defendants, and representatives of the Plaintiff and the Defendants;

   d. Insurers or insuring entities, including counsel, adjusters, and other reasonably necessary insuring entity personnel;

e. Experts retained by counsel for the Parties to the action, whether engaged as consultants or as testifying experts;

f. Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or other person appointed by the Court);

g. Third-party records custodians (including but not limited to medical or law enforcement records) and contracted records retrieval services for the limited purpose of retrieving records necessary for the litigation and provided the information disclosed is limited only to Plaintiff's identifying information; and

h. Third-party fact witnesses and potential witnesses, provided the information disclosed is limited only to Plaintiff's identifying information. Before third-party fact witnesses and/or potential witnesses receive confidential information, the recipient shall sign a form agreeing to be bound by the terms of this agreement.

i. Employees of federal or state agencies, on the condition that prior to disclosing any confidential information, counsel seeking to disclose the confidential information would be required to provide notice to opposing counsel with the following information: to whom they plan to disclose the confidential information; what confidential information they plan to disclose; and the reason for disclosing the confidential information. Opposing counsel can then approve or contest the disclosure of this information within 10 days of receipt of the notice of intent to

disclose confidential information to employees of federal or state agencies. If the disclosure is contested, the party opposing disclosure of the confidential information will file a motion with this Court to determine whether the proposed disclosure is necessary to the litigation within 30 days. In addition, before federal or state employees receive confidential information, the recipient shall also sign a form agreeing to be bound by the terms of this agreement.

8. Review of confidential information by people enumerated in paragraph 7 shall not waive the confidentiality of confidential information.

9. If an adverse Party wishes to disclose any confidential information to any person not described in paragraph 7 of this Order, prior permission to disclose must be requested from counsel for the other Parties in writing. If a Party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon application by a Party, orders otherwise. However, the Parties may disclose their own confidential information without regard to this Order, unless prohibited under an existing Order to do so.

10. If a Party wishes to designate information not listed in section 1 of this Order as confidential information, the Party shall notify the adverse party. The Parties shall meet and confer and attempt to reach agreement. If the Parties cannot reach agreement, the Party seeking designation as confidential information may file a motion with the Court for such designation. The Party opposing the designation shall treat the disputed information as confidential information until final resolution of the matter by the Court.

11. A party may, at any time after production of confidential information enumerated in section 1, object to the designation of information as confidential information. The Parties

shall confer concerning the objection. If the objection is not resolved, counsel for the Party contesting confidentiality shall file and serve a motion to resolve the dispute over the designation of the material. Disputed confidential information shall be governed by the terms of this Order until final resolution of the matter by the Court.

12. Video recordings of depositions shall only be used by the Parties for the prosecution or defense of the above-captioned lawsuit.

13. Subject to the Federal Rules of Evidence, confidential information may be offered in evidence at trial, at any court hearing, or in connection with any motion or other matter before the Court. This Order does not waive a Party's right to object to the admission into evidence of any information subject to this Order. This Order does not prohibit the ability of the Parties to reference the medical, psychiatric, or tax information regarding Plaintiff or Defendants in a pleading, including dispositive motions, which establishes or negates an essential element of Plaintiff's case or of Defendants' defenses.

14. If another court or an administrative agency subpoenas or orders the production of confidential information that a Party has obtained under the terms of this Order, the Party shall promptly notify all other Parties of the pendency of such subpoena or order.

15. After the conclusion of this litigation and upon written request from a Party, all records in the possession of the requester that contain confidential information shall be returned to the requesting Party or be destroyed within 120 days after the conclusion of this litigation and any appeal therefrom except as this Court shall otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding the obligation to return or destroy, counsel may retain attorney work product, including document indices, so long as that

work product does not duplicate verbatim substantial portions of the text of any confidential information.

16.     Nor shall this Order bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any Party client the attorney's evaluation in a general way of confidential information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any confidential information if such disclosure would be contrary to the terms of this Protective Order.

17.     Pursuant to Federal Rules of Evidence 502, neither attorney-client privilege nor work product protection is waived by disclosure connected to this litigation.

18.     Nothing in this agreement shall affect the right of any Party to seek additional protection against the disclosure of documents or materials.

IT IS SO ORDERED THIS: _____, 2015.


_____
HONORABLE DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

AGREED TO BY:

| Counsel for Plaintiff: | Counsel for Defendants: |
|---|---|
| _____/s_____<br>Adriana Piñon<br>Texas State Bar No.: 24089768<br>apinon@aclutx.org<br><br>Rebecca L. Robertson<br>Texas State Bar No.: 00794542<br>rrobertson@aclutx.org<br><br>AMERICAN CIVIL LIBERTIES UNION OF TEXAS<br>1500 McGowen Street, Suite 250<br>Houston, Texas 77004<br>Telephone No.: (713) 942-8146<br>Facsimile No.: (713) 942-8966<br><br>Alexandra Smith<br>New Mexico State Bar No: 15651<br>asmith@aclu-nm.org<br><br>Kristin Love<br>California State Bar No.: 274779<br>klove@aclu-nm.org<br><br>AMERICAN CIVIL LIBERTIES UNION OF NEW MEXICO<br>P.O. Box 566<br>Albuquerque, New Mexico 87103<br>Telephone No.: (505) 266-5915<br>Facsimile No.: (505) 266-5916<br><br>Laura Schauer Ives<br>New Mexico State Bar No: 12463<br>lsi@civilrightslawnewmexico.com<br><br>KENNEDY KENNEDY & IVES, LLC<br>1000 2nd Street NW<br>Albuquerque, NM 87102<br>Telephone No.: (505) 244-1400<br>Facsimile No.: (505) 244-1406 | Richard L. Durbin Jr.<br>Acting United States Attorney<br><br>_____/s_____<br>Magdalena G. Jara<br>Assistant United States Attorney<br>Texas State Bar No.: 10573100<br>Magdalena.jara@usdoj.gov<br><br>Paul L. Lee<br>Assistant United States Attorney<br>Illinois State Bar No.: 6201486<br>Paul.lee@usdoj.gov<br><br>700 East San Antonio, Suite 200<br>El Paso, TX 79901<br>Telephone No.: (915) 534-6884<br>Facsimile No.: (915) 534-3490 |